UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JERARD GERALD WALKER,

                              Plaintiff,                       Case # 16-CV-645-FPG

v.                                                      DECISION AND ORDER

CORRECTION OFFICER S. WILLIAMS, et al.,

                              Defendants.
_____

## **INTRODUCTION**

On August 10, 2016, Plaintiff Jerard Gerald Walker, an inmate at Five Points Correctional Facility, filed this action *pro se* asserting claims under 42 U.S.C. § 1983 and seeking permission to proceed *in forma pauperis*. ECF Nos. 1, 2. He alleged that while he was incarcerated at Attica Correctional Facility, Defendants Corrections Officers S. Williams and K. Briggs conspired to assault him, filed a false misbehavior report ("MBR") against him, and submitted false information to cover up their actions. Walker also alleged that, after the assault, he was placed in the Special Housing Unit at Wende Correctional Facility and Attica for almost one month without obtaining a Tier III Superintendent's Hearing or other due process protections.

On September 18, 2017, the Court granted Walker's *in forma pauperis* motion and, upon screening the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court (1) dismissed Walker's claims against Defendants Williams and Briggs alleging that they filed a false MBR and provided false information, except to the extent those claims alleged retaliation and due process violations; (2) dismissed Walker's claims against Defendants Lempke and Brown; (3) dismissed the claims against all Defendants in their official capacities; (4) directed the Clerk of Court to cause the United States Marshals Service to serve the Summons and Complaint upon

1

Defendants Williams, Briggs, James Conway, and John Doe, once identified; and (5) requested that the New York State Attorney General's Office identify pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997), the John Doe Defendant and provide an address where he could be served with the Summons and Complaint. ECF No. 6.

On January 16, 2018, the AG's Office identified the John Doe Defendant as Stewart Eckert. The Clerk of Court amended the Caption accordingly and on January 17, 2018, Summonses were issued for Williams, Briggs, Conway, and Eckert. On March 6, 2018, an Acknowledgment of Service by Mail, pursuant to N.Y. C.P.L.R. § 312-a, was returned on Eckert's behalf. ECF No. 10. Summonses for Williams, Briggs, and Conway were returned unexecuted, and on March 13, 2018, Summonses were reissued for those Defendants. ECF No. 11. On May 2, 2018, the Summons for Williams was returned unexecuted and on May 11, 2018, Conway and Eckert filed an Answer. ECF Nos. 12, 13.

On June 29, 2018, attorney Amy Jane Agnew filed a Notice of Appearance on Walker's behalf. ECF No. 16. On August 21, 2018, Summonses for Briggs and Conway were returned unexecuted. ECF No. 17. Conway already answered and thus service on him was moot.

On August 28, 2018, Plaintiff filed a Motion for Discovery and a *Valentin* Order directing the New York State Department of Corrections and Community Supervision ("DOCCS") to ascertain Williams and Briggs's last known addresses. ECF No. 18. On September 7, 2018, Plaintiff filed a Motion to Compel DOCCS—pursuant to *Valentin*—to produce Williams and Briggs's full names and last known addresses, and for an order pursuant to Federal Rule of Civil Procedure 4(m) extending Plaintiff's time to serve the Summons and Complaint on Williams and Briggs. ECF No. 20. Assistant AG Darren Longo filed a Declaration in response to the Motion

to Compel, and Plaintiff's counsel filed a reply wherein she requested "mandatory" attorney's fees under Rule 37(d)(3). ECF No. 25.

For the following reasons, Plaintiff's motions are granted in part and denied in part.

**DISCUSSION**

I.   **Motions for Discovery and to Compel Pursuant to Valentin**

This case is in a rather unique procedural posture. Ms. Agnew, Plaintiff's counsel, seeks "discovery" from DOCCS, a non-party, in the form a *Valentin* Order from the Court directing DOCCS to disclose Williams and Briggs's full names and last known addresses. There has been no scheduling conference or scheduling order in this case. *See* Fed. R. Civ. P. ¶ 26(d)(1), (f)(1)-(3).[1]

Williams and Briggs are both separated from DOCCS service and, upon separation, DOCCS staff are not required to provide last known addresses. *See* ECF No. 24 at ¶¶ 3-4. Mr. Longo declared that he attempted to locate these Defendants but his efforts were unsuccessful. He declared that he would continue to try to locate them. *Id.* at ¶ 5.

Mr. Longo initially informed Ms. Agnew that Defendant "Kevin" Briggs had been "certified for outside counsel." ECF No. 22 at ¶ 7; ECF No. 26 at ¶ 4. Mr. Longo thought the certification occurred earlier than it had, but as it "turn[ed] out Mr. Briggs was sent a letter informing him of the certification on October 4, 2018." ECF No. 26 at ¶ 5. Mr. Briggs was informed to advise his counsel to contact Ms. Agnew within the next couple of weeks. Mr. Longo thus asserts that the issue of Briggs's last known address is moot. *Id.* This would only be true if service is also moot, which the Court presumes it is. In any event, it appears that either DOCCS

---

[1] Under Rule 26(a)(1)(B)(iv), cases brought *pro se* by an individual in the state's custody are exempt from Rule 26(a)(1)'s initial disclosures, but the parties have treated this case as one not exempt from initial disclosures. *See* ECF No. 22 at 1; ECF No. 22-1 at 2 (copy of email requesting from Defendants' counsel "Rule 26 disclosures").

3

or the AG's Office has an address for Briggs and, if necessary, the Court will order its disclosure. Such disclosure will be ordered pursuant to *Valentin*, 121 F.3d at 75, and subject to a confidentiality stipulation and order, if Briggs does not file and serve an answer or other responsive pleading by December 2, 2018.

Mr. Longo has learned Williams's last known address and will disclose it to Ms. Agnew subject to a confidentiality stipulation and order. ECF No. 26 at ¶ 6. The Court therefore directs the parties to prepare a confidentiality stipulation and order and submit it to the Court by November 9, 2018. After the Court enters the order, Mr. Longo must disclose Williams's the last known address to Ms. Agnew within ten days, and Ms. Agnew will prepare the necessary Summons and Marshal Forms, without disclosing Williams's last known address, and forward them to the Clerk of Court, who will then issue the Summons and forward the Summons and Marshal Forms to the United States Marshals for service on Williams. Ms. Agnew must disclose to the Court, in camera, Williams's last known address and the Clerk's Office and Marshals Service will not disclose Williams's last known address to anyone other than each office or other court personnel to achieve service.

## II. Request for Attorney's Fees

In Ms. Agnew's reply to Defendants' opposition to Plaintiff's Motion to Compel, she requests "mandatory attorney fees under Fed. R. Civ. P. 37(d)(3)" on the basis that "there is no reason that Defendants have not provided Rule 26 disclosures, agreed on a scheduling order or tendered the full names and last known addresses of certain defendants. Plaintiff most certainly should not have had to file a Motion to Compel to get such rudimentary information from Defendant DOCCS especially not this early in the case." ECF No. 25.

Rule 37(d)(3) provides, in relevant part, that

(d) **Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection**.

**(1)** *In General*.

(A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

(i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or

(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

\*\*\*

**(3)** *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

As noted, this case is in a unique procedural posture. Two Defendants have not been served and the AG's Office has not put in a notice of appearance for them and has indicated that at least one Defendant has been certified for outside counsel. DOCCS, the entity Ms. Agnew sought discovery from and is the subject of Plaintiff's instant motions, is not a party to this action. Mr. Longo—despite some delay—has cooperated in locating Williams and Briggs's addresses. He informed Ms. Agnew that Briggs had been certified for outside counsel and therefore a last known address and service on Briggs was moot. With respect to Williams, the Court understands that DOCCS does not always have last known addresses for retired or separated employees and it often takes time and diligence to locate the former employee's address. Occasionally, a former employee is not located.

Further, the Court has not set or held a scheduling conference and the parties have not conferred regarding a scheduling order. *See* Fed. R. Civ. P. 26(a)(1)(C), (d)(1), (f)(1).[2]

Rule 37(d)(3) provides that a court *may* order sanctions if (i) a party fails to appear for a deposition, or (ii) a party, "after being properly served with interrogatories under Rule 33," fails to serve an answer or written response. DOCCS, a non-party that is not subject to Rule 37(a)(3), and Defendants have not failed to appear for a deposition or answer interrogatories. Therefore, Rule 37(d)(3) does not apply.

Further, even if the Court were to construe the request for attorney's fees as one brought under Rule 37(a)(5)[3]—which it does not—a *Valentin* Order is not an initial disclosure or formal discovery request that would support an award of attorney's fees under that Rule. Rather, it is a way for the Court to help *pro se* prisoners identify unknown defendants and/or addresses where they can be served. *Valentin*, 121 F.3d at 75. The Court routinely uses *Valentin* Orders for this purpose and not as a formal discovery device.

---

[2] These Rules provide that a party must make initial disclosures under Rule 26(a)(1) within 14 days of the Rule 26(f) conference and may not seek discovery before the parties have conferred as Rule 26(f) requires, except in a proceeding exempted from initial disclosure. As noted above, however, upon the notice of appearance of Plaintiff's counsel, the parties have treated this matter as one requiring initial disclosures.

[3] Rule 37(a)(5) provides, in relevant part, that:

**(5) Payment of Expenses; Protective Orders.**

**(A)** If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted— or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
**(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
**(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
**(iii)** other circumstances make an award of expenses unjust.

Additionally, the Court finds that Mr. Longo's purported delays in providing Briggs and Williams's last known addresses were "substantially justified" and an award of attorney's fees would be "unjust" in the situation presented. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

## **CONCLUSION**

Plaintiff's Motions for Discovery and a *Valentin* Order (ECF No. 18) and to Compel DOCCS to produce Williams and Briggs's last known addresses (ECF No. 20) are granted in part and denied in part. Plaintiff's request for attorney's fees (ECF No. 25) is denied.

The parties must submit a confidentiality stipulation and order to the Court by November 9, 2018. The AG's Office will disclose Briggs's last known address to Ms. Agnew if Briggs does not file and serve an answer or other responsive pleading by December 2, 2018. The AG's Office will disclose Williams's last known address to Ms. Agnew within ten days of entry of the confidentiality stipulation and order.

Upon entry of the confidentiality stipulation and order, Ms. Agnew will prepare the necessary Summons and Marshal Forms, which she can obtain from the Clerk of Court, without disclosing Williams's last known address, and forward them to the Clerk of Court. The Clerk will issue the Summons and forward the Summons and Marshal Forms to the United States Marshals for service on Williams. The Clerk's Office and Marshals Service will not disclose Williams's last known address to anyone other than each office or other court personnel to achieve service.

Pursuant to Rule 4(m) with good cause shown, the Court extends Plaintiff's time to serve Williams (and Briggs, if necessary) by 60 days from entry of this Order.

IT IS SO ORDERED.

Dated: October 18, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court